Wayne HINTON, Plaintiff,

v.

UNITED STATES DEPARTMENT OF EDUCATION and the Tennessee Department of Human Services, Defendants.

No. Civ–1–87–407.

United States District Court, E.D. Tennessee, S.D.

Sept. 13, 1988.

F.H. Atchley, Jr., Chattanooga, Tenn., for plaintiff.

Gary Humble, Asst. U.S. Atty., Chattanooga, Tenn., for U.S.

Dianne Stamey, Asst. Atty. Gen., Nashville, Tenn., for State of Tenn.

## MEMORANDUM

EDGAR, District Judge.

### Factual Background

This case is before the Court on motions for summary judgment which have been filed by each of the parties. The essential facts are not in dispute.

Plaintiff, a resident of Tennessee, is a blind vendor duly licensed by the Tennessee Department of Human Services under the provisions of the Randolph–Sheppard Act, 20 U.S.C. §§ 107 *et seq.*, to operate a vending facility at the Tennessee Valley Authority ("TVA") Watts Bar Nuclear Power Plant in Rhea County, Tennessee.

In 1984, plaintiff sought a fair evidentiary hearing by the state agency claiming that he, as the blind licensee of the vending facility at TVA's Watts Bar Nuclear Power Plant, was entitled to income received from vending machines at that plant under the provisions of 20 U.S.C. § 107d–3. The state agency provided this hearing on January 17, 1985, pursuant to 20 U.S.C. § 107d–1(a).

The state hearing officer who heard the case issued a decision on February 20, 1985, granting the relief requested by the plaintiff—namely a certain amount of past and future income from vending machines at the Watts Bar Nuclear Power Plant. This decision was reviewed by the Commissioner of the Tennessee Department of Human Services who, on March 26, 1985, denied the plaintiff's claim, refusing to adopt the decision of the hearing officer. The principal issue seems to have been whether the Watts Bar Plant was two facilities. The state agency contended that since the vending machines were located at the "construction site," and the plaintiff's vending stand was located on the "power" site, the plaintiff was not entitled to revenue from the machines at the "construction site."

The plaintiff, being dissatisfied with the decision of the state agency, filed on April 19, 1985, a complaint with the Secretary of Education ("Secretary") in accordance with 20 U.S.C. § 107d–1(a) and § 107d–2 to convene an arbitration panel.

On July 16, 1986, the Secretary declined to convene an arbitration panel for essentially two stated reasons: (1) Prospective relief could not be granted because licenses had been given to blind vendors at the "construction" site; and (2) No retroactive relief could be given by any arbitration panel against the state agency because of the Eleventh Amendment to the Constitution of the United States.

On November 20, 1987, plaintiff brought this action against both the United States Department of Education and the Tennessee Department of Human Services under 20 U.S.C. § 107d–2(a) and 5 U.S.C. §§ 701 *et seq.* for judicial review of the Secretary's adverse decision. For reasons expressed below, this Court's jurisdiction at this stage

of the proceedings is in reality founded on 28 U.S.C. § 1331.

*Discussion*

The Randolph–Sheppard Act makes it very clear that the plaintiff is entitled to an arbitration panel. 20 U.S.C. § 107d–1(a) provides:

> Any blind licensee who is dissatisfied with any action arising from the operation or administration of the vending facility program may submit to a State licensing agency a request for a full evidentiary hearing, which shall be provided by such agency in accordance with section 107b(6) of this title. *If such blind licensee is dissatisfied with any action taken or decision rendered as a result of such hearing, he may file a complaint with the Secretary who shall convene a panel to arbitrate the dispute pursuant to section 107d–2 of this title, and the decision of such panel shall be final and binding on the parties except as otherwise provided in this chapter.* (Emphasis supplied).

20 U.S.C. § 107d–2(a) provides:

> *Upon receipt of a complaint filed under section 107d–1 of this title, the Secretary shall convene an ad hoc arbitration panel as provided in subsection (b) of this section.* Such panel shall, in accordance with the provisions of subchapter II of chapter 5 of Title 5, give notice, conduct a hearing, and render its decision which shall be subject to appeal and review as a final agency action for purposes of chapter 7 of such Title 5. (Emphasis supplied).

The state agency, as a part of its agreement with the Secretary, agrees:

> ... to provide any blind licensee dissatisfied with any action arising from the operation or administration of the vending facility program an opportunity for a fair hearing, *and to agree to submit the grievances of any blind licensee not otherwise resolved by such hearing to arbitration as provided in section 107d–1 of this title.* (Emphasis supplied).

20 U.S.C. § 107b(6).

The Secretary, in refusing to convene an arbitration panel pursuant to the plaintiff's request, has violated the statute. The Secretary does not have discretion to decide that there is "no basis" for convening such a panel.

The rationale offered by both defendants for the refusal to convene an arbitration is that such a panel, according to the defendants, could not order monetary relief against the state for vending machine receipts without violating the Eleventh Amendment. Of course, at this point, since the case has not yet been sent to arbitration, we do not know what relief, if any, an arbitration panel may render.

It seems fairly clear from the statute that the only decision which is subject to judicial review by this Court under the Administrative Procedure Act is the decision of the arbitration panel. It is this decision, and no other decision, that is subject to appeal and review as a "final agency decision." 20 U.S.C. § 107d–2(a).

This Court does not now decide what effect the Eleventh Amendment may have on any arbitration award. The Court would note, however, that the Fourth Circuit Court of Appeals in *Delaware Dept. of Health v. U.S. Dept. of Education*, 772 F.2d 1123 (3rd Cir.1985), has squarely held that a state, by agreeing to participate in the Randolph–Sheppard program, waives sovereign immunity with respect to traditional arbitration remedies—which include back pay. 772 F.2d at 1137–38.

Neither does this Court decide as plaintiff suggests, what effect, if any, a finding by an arbitration panel in another case should have on this case. That is a determination to be made by the arbitration panel which is, of course, to be governed by the facts in this case.

The Court will enter an order directing the Secretary to convene an *ad hoc* arbitration panel to hear the plaintiff's case. The decision of the arbitration panel will be subject to judicial review in accordance

with 20 U.S.C. § 107d–2(a) and 5 U.S.C. §§ 701 *et seq.*

An appropriate judgment will enter.

## JUDGMENT

In accordance with the Court's memorandum filed herewith, the motion of the Tennessee Department of Human Services to dismiss and/or for summary judgment (Court File No. 4), is DENIED. The motion of the United States Department of Education to dismiss or for summary judgment (Court File No. 8) is DENIED. The plaintiff's cross motion for summary judgment (Court File No. 12) is GRANTED IN PART. Defendant United States Department of Education is ORDERED to forthwith convene an arbitration panel per the plaintiff's request in accordance with 20 U.S.C. § 107d–1(a) and § 107d–2.

SO ORDERED.